Before BROWNING and CARTER, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

The appellant filed a complaint below seeking an injunction restraining the appellee Union from proceeding to try appellant on May 2, 1969 on charges filed against him by the Union; from refusing to quash the charges against appellant; from refusing to publish certain matters in the Union's newspaper; and from refusing to post notices in the Union hall. The district judge denied a temporary injunction but issued an order to show cause and held an extensive hearing on May 8, 1969. He denied the application for a temporary restraining order. Appellant appealed but has not supplied, as part of the record, the reporter's transcript of May 8, 1969.

We affirm. Appellant did not exhaust his administrative remedies within the Union. His contentions concerning the appropriateness of collective bargaining units, upon which he addressed himself almost exclusively at the oral argument, is a matter within the exclusive jurisdiction of the National Labor Relations Board. The case was moot at the time of the district court's decision. There was no abuse of the district court's discretion. The judgment is affirmed.

By this disposition of course we do not imply approval of the provisions of the Union's constitution underlying the charges against appellant. On their face these provisions conflict with the statutory mandate that "[e]very member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions." There is substantial question whether these constitutional provisions qualify under

the statutory exemption of "reasonable rules as to the responsibility of every member toward the organization as an institution." 29 U.S.C. § 411(a) (2).

Ray B. HUTCHESON and Sam A. Dryden, Petitioners-Appellants,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–1226
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 15, 1971.

Ray B. Hutcheson, pro se.

Sam A. Dryden, pro se.

Ira De Ment, U. S. Atty., David B. Byrne, Jr., Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

---

* Honorable William P. Gray, United States District Judge, Central District of California, sitting by designation.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**Charles Duane ARMSBURY, Defendant and Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 26732.

United States Court of Appeals, Ninth Circuit.

April 16, 1971.

William T. Waller (argued), of Lowenstein, Waller & Brown, Portland, Or., for defendant-appellant.

Jack C. Wong (argued), Charles H. Turner, Asst. U. S. Attys., Sidney I. Lezak, U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS and BARNES, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM:

The judgment of conviction on two counts for violation of 26 U.S.C. § 5861 (c) and 26 U.S.C. § 5861(d), gun control sections, is affirmed.

Appellant's main points are answered by United States v. Freed, 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356, decided April 5, 1971; Sipes v. United States, 8 Cir., 321 F.2d 174; United States v. Miller, 307 U.S. 174, 59 S.Ct. 816, 83 L.Ed. 1206; United States v. Kim, 9 Cir., 430 F.2d 58. See also United States v. Crow, 9 Cir., 439 F.2d 1193, decided March 24, 1971.

We cannot accept the contention that trial counsel was incompetent.

In the context of the case, we find no error in permitting the police officer to testify in his Marine uniform.

There was so much evidence of guilt that we believe the admission into evidence of Armbury's own statement that he was a "revolutionary" was harmless, assuming there was error. We do not hold it was error.

The motion for bail is denied.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.